# IN THE SUPREME COURT OF PENNSYLVANIA
## MIDDLE DISTRICT

WEI YAN AND HAIDI ZHANG

        v.

ALEXANDER COLON AND JULIA COLON

PETITION OF: WEI YAN

: No. 441 MAL 2020
:
:
:
: Petition for Allowance of Appeal from
: the **Unpublished Order** of the
: Superior Court at No. 30 EDA 2020
: entered on June 15, 2020,
: **dismissing** the Order of the
: Montgomery County Court of
: Common Pleas at No. No. 2013-
: 03465 entered on November 13,
: 2019

## ORDER

**PER CURIAM**                                    DECIDED:  December 29, 2020

**AND NOW**, this 29th day of December, 2020, the Petition for Allowance of Appeal is **GRANTED LIMITED TO** the following issue:

> Whether the Superior Court of Pennsylvania has erroneously entered the order with comment on June 15, 2020, dismissing [Petitioner's] appeal at No. 30 EDA 2020?

Allocatur is **DENIED** as to all remaining issues.

In *sua sponte* dismissing Petitioner's appeal, the Superior Court held that it had "previously dismissed an appeal from this decision based on Appellant's failure to file post-trial motions.'" *Yan v. Colon, Appeal of Wei Yan*, 30 EDA 2020 (Pa. Super. June 15, 2020) (*per curiam* order).  Presumably, the intermediate appellate court was referencing the prior appeal that had been pursued by Petitioner's wife.  *See Yan v. Colon*, *Appeal of Haidi Zhang*, 1124 EDA 2019 (Pa.Super. June 7, 2019) (*per curiam* order) (*sua sponte*

dismissing the appeal for the failure to preserve any issues for appeal via post-trial motions).

Petitioner was not a party to that prior appeal. The Court of Common Pleas of Montgomery County had bifurcated Petitioner's complaint from the complaint filed by Petitioner's wife on the basis that Petitioner was unable to appear before the Court because he was out of the country. The common pleas court allowed the complaint filed by Petitioner's wife to proceed to trial, and it was the resulting judgment on the wife's complaint that was the subject of the prior appeal at 1124 EDA 2019.

The common pleas court dismissed Petitioner's complaint without prejudice to seek its reinstatement when he was able to return to the United States. Petitioner sought such reinstatement from the Court of Common Pleas of Montgomery County, which denied the request by order dated November 12, 2019. That order was the subject of Petitioner's appeal before the Superior Court docketed at 30 EDA 2020. Because Petitioner's appeal involves at least one different party and poses a distinct legal inquiry to which the post-trial practice of Rule 227.1 is seemingly inapplicable, the Superior Court erred in holding that Petitioner's appeal was foreclosed by the resolution of his wife's appeal. *Compare Commonwealth v. Starr*, 664 A.2d 1326, 1331 (Pa. 1995) (explaining that, as part of the law-of-the-case doctrine, "upon a second appeal, an appellate court may not alter the resolution of a legal question previously decided by the same appellate court"); *Commonwealth v. Tilghman*, 673 A.2d 898, 903 n.8 (Pa. 1996) ("It is hornbook law that issues decided by an appellate court on a prior appeal between the same parties become the law of the case and will not be reconsidered on a subsequent appeal on another phase of the same case.") (quotations omitted).

The Order of the Superior Court is **VACATED**, and the matter is **REMANDED** to the Superior Court for consideration of the merits of Petitioner's appeal.

The Application for Leave to Amend his Petition for Allowance of Appeal is **DENIED.**

Jurisdiction Relinquished.